# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**SHERRY PENNALA,**

            Plaintiff,

vs.                                       Civ. No. 04-608 ACT/DJS

**BECHTEL NEVADA CORPORATION,**

            Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Defendant's Motion to Dismiss for Failure to Timely Serve Process, filed June 3, 2004. [Docket No. 2.] Defendant, Bechtel Nevada Corporation, is seeking a dismissal on the grounds that Plaintiff, Sherry Pennala, served her Complaint more than nine months after the Complaint was filed. Upon review of the pleadings and being otherwise advised in the premises, the Court finds that Defendant's Motion is not well taken and will be denied.

    <u>Facts</u>.

    Plaintiff filed this action in Second Judicial District Court on August 8, 2003. The Complaint asserts causes of action alleging violation of the Americans with Disabilities Act, 424 U.S.C. 12101, *et. seq.*, wrongful termination and negligence. The filing date was within the ninety day statutory period for filing the claim. Defendant is a foreign corporation with a registered agent for service of process in New Mexico, at CT Corporation System, Santa Fe. Plaintiff asserts that her counsel mailed a copy of the summons and Complaint to CT Corporation System "shortly" after the

Complaint was filed.  Response, p. 1.  Plaintiff received a notice from the Second Judicial District Court that the matter would be dismissed for failure to prosecute.  Plaintiff hand served an alias summons on CT Corporation, in Santa Fe on May 11, 2004.

Legal standard.

Rule 1-004F NMRA 2004 provides in part: "Service shall be made with reasonable diligence." Unlike the federal rule governing service, there is no specific time limit by which service must be accomplished.  Fed.R.Civ.P. 4(m).  Rather the standard is "reasonable diligence."  In determining whether a Plaintiff exercised reasonable diligence in serving process, the standard of objective reasonableness is applied.  *Graubard v. Balcor Co.*, 2000-NMCA-32, ¶12, 128 N.M. 790, 793, 999 P.2d 434, 437.

Discussion.

In applying the standard of "objective reasonableness," the New Mexico Court of Appeals considers the "totality of circumstances and [to] weigh[s] the actions taken by [plaintiff] to obtain service against the prejudice to the [defendant] resulting from the delay of service."  *Martinez v. Segovia*, 2003-NMCA-23, 133 N.M. 240, 62 P.3d 331.

Plaintiff thought Defendant had been served and was waiting for an answer.  When the Court notified Plaintiff that her case was going to be dismissed for lack of prosecution, Plaintiff filed a Motion to Reinstate and an Affidavit in Support of an Alias Summons.  Once issued, Plaintiff hand served the alias summons and Complaint.  Defendant asserts that it was prejudiced in that it believed that Plaintiff had decided not to pursue the matter.  However, Defendant had notice of a probable suit based on Plaintiff's filing of EEOC actions.

Based on the "totality of the circumstances," the Court declines to dismiss Plaintiff's Complaint

on a procedural basis and prefers to address the merits of her claim. *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982); *Gengler v. Phelps*, 89 N.M. 793, 558 P.2d 62 (Ct. App. 1976)

      **IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Defendant's Motion to Dismiss for Failure to Timely Serve Process is denied.

                    **ALAN C. TORGERSON**
                    **UNITED STATES MAGISTRATE JUDGE**