UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHERRY PENNALA,

    **Plaintiff,**

    v.                                                                 CIV. NO. 04-608 ACT/DJS

BECHTEL NEVADA CORPORATION,

    **Defendant.**

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court on Defendant Bechtel Nevada Corporation's ("Defendant") Motion to Dismiss Count III filed August 17, 2004. Docket No. 12. Defendant is seeking an order of dismissal of Count III of Plaintiff's Complaint on the grounds that it fails to state a claim upon which relief may be granted. Upon review of the pleadings and being otherwise advised in the premises, the Court finds that Defendant's Motion is well taken and will be granted.

    Plaintiff, Sherry Pennala ("Plaintiff"), is deaf. She alleges she was discriminated against because of her disability, that she worked in a hostile work environment and was constructively discharged and retaliated against as a result of her disability. In Count III of her Complaint, Plaintiff alleges that Defendant was negligent in failing to adequately train and supervise its employees who worked with the Plaintiff.

    <u>Legal standard</u>.

    The Court is required to accept as true all well-pleaded facts alleged in Plaintiff's Complaint when addressing a Fed.R.Civ.P. 12(b)(6) motion to dismiss. <u>Housing Auth. of Kaw Tribe v. City of Ponca City</u>, 952 F.2d 1183, 1187 (10th Cir. 1991)(citations omitted ),*cert. denied*, 504 U.S. 912

(1992).  A complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) only if the plaintiff can prove no set of facts in support of a claim which would entitle her to relief.  David v. City and County of Denver, 101 F.3d 1344, 1352 (10th Cir. 1996), *cert. denied*, 522 U.S. 858 (1997).

Discussion.

In Count III Plaintiff alleges Defendant negligently failed to train and supervise its employees in communicating with Plaintiff, a hearing-impaired co-worker.  Whether this cause of action exists under New Mexico law has been addressed by the New Mexico Court of Appeals in Gormley v. Coca Cola Enterprises, 2004-NMCA-21, 85 P.3d 252, *cert. granted*, Sup. Ct. No. 28,441 (Jan. 26, 2004). In Gormley Plaintiff alleged he was discriminated against because of his age and disability.  However, he did not file a grievance with the Human Rights Commission as required in the New Mexico Human Rights Act, NMSA 1978, §§28-1-1 to 15 (1969, as amended through 2003)("Act").  The Court held that his "age and disability claims must be pursued under the administrative procedures available in the Act and do not lie in common law tort."  Id. at 255.  Specifically, the Court held:

> "We decline to permit employees to pursue age and discrimination claims outside of the Act that do not contain allegations sufficient to meet the elements of retaliatory discharge, intentional infliction of emotional distress, prima facie tort, or other existing independent torts."

Id. at 256.
Plaintiff has not pled these torts.  Nor has Plaintiff alleged the elements of an "existing independent tort."  Instead, Plaintiff has merely alleged in Count III the elements of a negligence claim; i.e. duty, breach, proximate cause and damages.  Tafoya v.Seay Bros. Corp, 119 N.M.350, 890 P. 2d 803 (1995).

Plaintiff urges the Court to not apply Gormley because the New Mexico Supreme Court has granted *certiorari* in Gormley. However, Plaintiff has not demonstrated to the Court that Gormley does not follow New Mexico precedent or that the Supreme Court would decide Gormley differently. Thus, the Court will not disregard the holding in Gormley. Sports Unlimited, Inc. v. Lankford Enters., Inc., 275 F.3d 996, 1000-01 (10th Cir. 2002)(The rulings of an appellate court of New Mexico should not be disregarded by a federal court unless it is "convinced the highest court would decide otherwise.").

**IT IS THEREFORE ORDERED** that Count III of Plaintiff's Complaint is dismissed with prejudice.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**